IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALLSTATE INSURANCE
COMPANY,

   Plaintiff,

   v.

ADRIANNA LUU, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-312-TWT

**OPINION AND ORDER**

This is a declaratory judgment action. It is before the Court on the Plaintiff Allstate Insurance Company's Motion for Summary Judgment [Doc. 25]. For the following reasons, the Plaintiff's Motion for Summary Judgment is GRANTED.

**I. Background**

On November 16, 2016, the Defendant Adrianna Luu filed suit against the Defendant Diamond in the Rough Solutions, Inc. in the Superior Court of DeKalb County, Georgia. According to her complaint, Luu entered into a contract with Diamond for the purchase of a lot and the building of a new house.[1] Diamond then

---

[1] Pl.'s Statement of Undisputed Material Facts ¶ 2.

subcontracted with a number of other entities to build the home (collectively, "the Contractors").[2] On December 18, 2015, Luu closed on the Property.[3] After the closing, Luu identified a number of alleged code violations on the property and began having problems with the house.[4] The Contractors denied liability for the alleged defects, claiming that she purchased the house "as is."[5] Luu then filed her complaint and asserted claims for: (1) breach of warranty; (2) breach of implied warranty; (3) negligence in the construction of the House; (4) violations of the Fair Business Practices Act; (5) negligent supervision of construction of the House; (6) fraud or negligent misrepresentation; (7) breach of contract; (8) attorney's fees under O.C.G.A. § 13-6-11; and (9) punitive damages under O.C.G.A. § 51-12-5.1.12.[6]

Prior to that dispute, Allstate had issued a standard Commercial General Liability / Businessowners Policy of Insurance to Defendant Diamond.[7] The Policy

---

[2] *Id.* at ¶¶ 2-4. Most of these are included in this action, including B&B Property Pros, Oliver Banks d/b/a Banks Contracting, W Middleton Plumbing Services Inc., Integrity Construction Inc., and Joseph J. Washington.

[3] *Id.* at ¶ 5.

[4] *Id.* at ¶ 6.

[5] *Id.* at ¶ 7.

[6] *Id.* at ¶ 9.

[7] *Id.* at ¶ 10.

was in effect at all times relevant to Luu's underlying complaint. In filing this action, Allstate seeks a declaratory judgment confirming that it has no duty to defend Diamond in the underlying litigation. Allstate now moves for summary judgment on that claim.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[8] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[9] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[10] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[11] "A mere 'scintilla' of evidence

---

[8] FED. R. CIV. P. 56(a).

[9] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[10] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[11] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[12]

### III. Discussion

The Defendants have failed to respond to the Plaintiff's motion, and the Court treats the Plaintiff's motion as unopposed. The Eleventh Circuit has made clear that summary judgment is only appropriate where the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[13] This means that "[a]t the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment . . .[and]. . . the district court's order granting summary judgment must indicate that the merits of the motion were addressed."[14]

In addressing the merits of the motion, the undisputed evidence in this case clearly shows that Allstate is entitled to summary judgment. An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy.[15] The underlying complaint alleges that the Contractors'

---

[12] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[13] *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

[14] *Id.* at 1101-02 (quotations and citations omitted).

[15] *Cantrell v. Allstate Ins. Co.*, 202 Ga. App. 859 (1992).

supposed negligence and incompetence were the cause of the defects in Luu's home; this is a common allegation in at least four of the counts against the Contractors.[16] The Policy exempts this sort of damage from coverage. While the Policy does cover "property damage,"[17] the Georgia Supreme Court has made clear that "'property damage,' as that term is used in the standard CGL policy, necessarily must refer to property that is nondefective, and to damage beyond mere faulty workmanship."[18] Thus, any claims that arise as a result of faulty workmanship are not covered by the Policy.

The remaining counts are also excluded through various provisions of the Policy. Luu's claim for negligent supervision is excluded by the Policy's Builder's Risk Exclusions. The standard CGL policy, like the Policy in this case, contains five such exclusions: Damage to Property; Damage To Your Product; Damage To Your Work; Damage To Impaired Property Not Physically Injured; and Recall of Products,

---

[16] *See* Pl.'s Mot. for Summ. J., Ex. A ¶¶ 49, 54, 60, and 99.

[17] Compl., Ex. A, at 35 [Doc. 1-2]. Namely, Count I - Breach of Warranty, Count II - Breach of Implied Warranty, Count III - Negligence, and Count VIII - Breach of Contract. The contract claim is also specifically excluded by the Policy. *See id.* at 37 [Doc. 1-3].

[18] *Taylor Morrison Servs., Inc. v. HDI-Gerling Am. Ins. Co.*, 293 Ga. 456, 461, 746 S.E.2d 587, 591 (2013).

Work or Impaired Property.[19] These "exclusions are designed to exclude coverage for defective workmanship by the insured builder causing damage to the construction project itself."[20] Because the damages alleged are to Luu's *house*, Luu's claims based on the faulty workmanship, including her claim for negligent supervision, are not covered by the Policy.

Lastly, the two remaining claims, for violation of the Fair Business Practices Act and for fraud, are excluded because the "occurrence" was not an "accident." The Policy covers any property damage that "is caused by an *occurrence*" that takes place within the coverage territory and during the policy period.[21] The Policy goes on to define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same harmful conditions."[22] While the Policy does not elaborate what constitutes an accident, Georgia courts have said that an "accident" is an "event which takes place without one's foresight or expectation or design."[23] Foresight and

---

[19] *Taylor Morrison*, 293 Ga. at 467 n.4. *See also* Compl., Ex. A at 41 [Doc. 1-3].

[20] *Auto-Owners Ins. Co. v. Gay Constr. Co.*, 332 Ga. App. 757, 760 (2015).

[21] Compl., Ex. A at 35 [Doc. 1-2] (emphasis added).

[22] *Id.* at 49 [Doc. 1-3].

[23] *Southern Guaranty Ins. Co. v. Phillips*, 220 Ga. App. 461 (1996) (quotations omitted). *See also* O.C.G.A. § 1-3-3 (defining accident the same way).

knowledge are essential elements of both fraud and Fair Business Practices claims.[24] As such, "claims for fraud and violation of the Fair Business Practices Act are not 'occurrences' as they are 'absolutely and necessarily inconsistent with the notion of an accident.'"[25] Thus, neither of these claims are covered by the Policy.

Based on these provisions of the Policy, the Court concludes that Diamond is not entitled to coverage under the Policy for the acts alleged in the underlying complaint. Consequently, Allstate has no duty to defend Diamond in that litigation and it is entitled to summary judgment.

## IV. Conclusion

For these reasons, the Plaintiff's Motion for Summary Judgment [Doc. 25] is GRANTED. The Clerk shall enter judgment in favor of the Plaintiff and close the case.

---

[24] *See Stiefel v. Schick*, 260 Ga. 638, 639 (1990) (articulating elements of fraud); *Nationwide Mut. Ins. Co. v. Bader & Assocs.*, Inc., No. 2:13-CV-00032-RWS, 2014 WL 231980, at *5 (N.D. Ga. Jan. 22, 2014) (finding that fraud and Fair Business Practices claims are "absolutely and necessarily inconsistent with the notion of an accident.") (quotations omitted).

[25] *Bader*, 2014 WL 231980 at *5 (*quoting Taylor Morrison Services, Inc. v. HDI–Gerling Am. Ins. Co.*, 293 Ga. 456, 465 (2013)).

SO ORDERED, this 17 day of November, 2017.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge